GEORGE FLOYD, *Plaintiff in Error, v.* J. M. BELL, *Sheriff, Defendant in Error.*

Where an information is good under a general road law, alleged unconstitutional provisions in a special road law will not warrant the discharge in habeas corpus proceedings of one arrested under such information.

This case was decided by Division A.

Writ of error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*W. T. Bludworth,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for Defendant in Error.

PER CURIAM—In habeas corpus proceedings before the Circuit Judge, George Floyd, was remanded to the custody of the sheriff of Walton county under a capias issued from the Criminal Court of Record for Walton County, upon an information charging that George Floyd "having been lawfully summoned and required to work the public road in said Walton County —— did then and there unlawfully fail and refuse to work said road or to furnish a substitute or pay the amount required by law for each day he so failed and refused to work said road."

On writ of error allowed by the Circuit Judge, it is contended that Chapter 6315, Acts of 1911, a special law for public road working in Walton County is unconstitutional on various grounds, and that consequently the remand of the petitioner was error.

Even if Chapter 6315, be invalid as alleged, the information is good under the general laws of the State providing duties and penalties for defaults in working public roads of the State. Sec. 3670, Gen. Stats, 1906.

The order remanding the petitioner is affirmed.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.